IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYSHUN LEMONS,

                Plaintiff,

  v.                                                   OPINION and ORDER

MICHELLE ORGAN, COOPER LANGE,
SUSAN NOVAK, RICHARD GIROUX,                     19-cv-902-jdp
and JONATHAN BOHNSACK,

                Defendants.[1]

---

Pro se plaintiff Tyshun Lemons alleges that when he was incarcerated at Columbia Correctional Institution (CCI), two correctional officers ignored his warnings that he would harm himself with a razor blade. And he alleges that three CCI supervisors have failed to ensure that inmates at risk of self-harm receive adequate monitoring. After screening Lemons's complaint under 28 U.S.C. §§ 1915 and 1915A, I gave him leave to proceed on claims against both groups of defendants under the Eighth Amendment to the United States Constitution. Dkt. 20.

Defendants have moved for partial summary judgment, contending that Lemons didn't exhaust his claims against the three supervisory defendants before filing this lawsuit. Dkt. 35. Lemons didn't include any information in his inmate grievance that would have given CCI notice of the supervisory defendants' alleged failings, so I will grant defendants' motion.

---

[1] I have updated the caption to reflect defendants' names as indicated in their answer, Dkt. 34.

ANALYSIS

At the time Lemons cut himself, he was on observation status because he was at risk of harming himself. CCI staff are required to check on inmates who are on observation status every 15 minutes to prevent them from harming themselves. Lemons says that although defendants Warden Susan Novak, Captain Richard Giroux, and Sergeant Jonathan Bohnsack knew that CCI staff routinely failed to perform such checks, they did not discipline staff for such failures. He also says that CCI has a custom of not disciplining staff who fail to perform their required checks.

Defendants have moved for summary judgment on Lemons's claims against the supervisory defendants because they say that Lemons didn't exhaust his administrative remedies regarding those claims. The Prison Litigation Reform Act requires inmates to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). In Wisconsin, an inmate must file an administrative complaint "within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2).

Lemons cut himself on June 17, 2019. He filed a grievance on July 24 against defendants Michelle Organ and Cooper Lange, who he said had walked away after he said that he intended to harm himself. Dkt. 37-2, at 8. Although the grievance was rejected as untimely, defendants concede that Lemons exhausted his claims against Organ and Lange because he was on observation status and unable to file a grievance until July 15. But defendants contend that Lemons failed to exhaust his claims against the supervisory defendants because his grievance didn't accuse them of any misconduct or challenge any custom or practice regarding CCI's observation checks.

Lemons was required to include enough details in his grievance to put CCI on notice about the nature of the problem. *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020). This is because the primary purpose of the exhaustion requirement is to "alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). Lemons's grievance didn't include any details that would have put CCI on notice of any problems with CCI's system of observation checks. He wrote only that he cut himself after Organ and Lange walked away following his threat to do so. Dkt. 37-2, at 8. He did not write that CCI staff failed to check on him on their scheduled rounds, nor did he write that an excessive amount of time elapsed between Organ and Lange walking away and him cutting himself—he wrote only that he "ended up cutting [him]self" after they walked away. *Id.*

Lemons contends that he wasn't required to include information about his allegations against the supervisory defendants for two reasons. First, he says that because CCI's inmate complaint system limits complaints to a single issue, stated in no more than 500 words on no more than two pages, he didn't have to include "more detail[s] . . . than the form instruct[ed] him to." Dkt. 47, at 4. Lemons's grievance doesn't approach either the 500-word or the two-page limit, but even if it had, he doesn't contend that he was prevented from filing a separate grievance about the alleged problems with CCI's system of observation checks. Second, he says that if CCI had properly investigated his complaint instead of dismissing it as untimely, CCI would have discovered that there was no checker on duty and that Organ and Lange had falsified records regarding observation checks. But this is mere speculation, as nothing in Lemons's grievance would have put CCI on notice about these problems.

In sum, Lemons's grievance didn't give CCI any notice about his claims against the supervisory defendants, so I will grant defendants' motion for partial summary judgment and dismiss the supervisory defendants from the case.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment, Dkt. 35, is GRANTED. Plaintiff Tyshun Lemons's Eighth Amendment claims against defendants Susan Novak, Richard Giroux, and Jonathan Bohnsack are DISMISSED for Lemons's failure to exhaust his administrative remedies. Novak, Giroux, and Bohnsack are DISMISSED from the case.

Entered September 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge