IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYSHUN LEMONS,

                   Plaintiff,

v.

MICHELLE ORGAN and COOPER LANGE,

                   Defendants.

OPINION and ORDER

19-cv-902-jdp

---

Pro se plaintiff Tyshun Lemons moves to compel defendants Michelle Organ and Cooper Lange, correctional officers at Columbia Correctional Institution (CCI), to produce contact information for two witnesses and video footage of Lemons's self-harm attempt at issue in this lawsuit. Dkt. 46. It appears that Lemons has received the addresses as well as all video footage that exists, so I will deny his motion.[1]

Regarding the witnesses' addresses, Federal Rule of Civil Procedure 37(a)(1) requires a party to certify that it has made a good-faith effort to confer with the opposing party before filing a motion to compel. Lemons's filings show that he conferred with defendants regarding the footage he seeks, but not regarding the witnesses' addresses. Lemons should make sure to confer with defendants' counsel on each discovery issue before raising an issue in a motion to the court. In any event, Lemons says in his reply brief that defendants have provided the addresses, so he has received the information he seeks.

---

[1] Lemons has also filed what he calls a motion for consideration, in which he asks me to consider additional points in response to defendants' brief in opposition. Dkt. 53. I will grant this motion, and I have considered the points Lemons raises.

Regarding the video footage, Lemons asks me to compel defendants to produce footage of the incident taken by Organ and Lange's body cameras. It seems that Lemons also intended to ask me to compel defendants to produce surveillance footage taken of the area outside of his cell even though Lemons did not specifically mention the surveillance footage in his motion. But Lemons asked defendants' counsel to produce the surveillance footage in his correspondence with them, and defendants address the surveillance footage in their response brief. So I will construe Lemons's request to include both body-camera and surveillance footage.

Lemons believes that more footage exists than he has been provided based on the response he received to a public-records request he filed in February 2020. Dkt. 46-1. In his request, he asked for "body cam footage and back observation area footage" from the incident, including footage from Lange's and Organ's body cameras. *Id.* at 1. In response, CCI's warden at the time, Susan Novak, checked a box indicating "Entire request granted," pending payment of required fees. *Id.* Novak did not indicate on the form that any of the footage Lemons sought did not exist, which might imply that all the requested footage did exist. *See id.* But four months later, responding to Lemons's discovery request for all body-camera and surveillance footage of the incident, defendants said that the only footage that existed was body-camera footage from Organ and another officer, Captain Giroux, taken while they extracted Lemons from his cell after his self-harm attempt. Dkt. 49-1, at 3. Defendants provided the footage from both body cameras. *Id.*

In response to Lemons's motion, defendants say that they have asked CCI staff twice to search for additional body-camera or surveillance footage of the incident and that CCI staff have confirmed that no additional footage exists. Defendants submit a declaration from Kimberly Wendt, a secretary at CCI, who says that she has searched CCI's video system for

any footage from Organ's or Lange's cameras taken on the date of the incident. Dkt. 48. She says that Lemons has been provided all relevant footage. Defendants also submit a declaration from Stephanie Rubsam, a paralegal who assisted defense counsel. Dkt. 49. Rubsam says that she asked CCI's litigation coordinator to search for any additional footage of the incident and that he confirmed that none existed.

Lemons's belief that there is more footage is understandable, given the apparent discrepancy between the limited footage defendants have produced and Novak's response to Lemons's public-records request. Defendants do not explain that discrepancy. But defendants' counsel said in a letter to Lemons that Lange's body camera was not turned on during the incident and that any surveillance footage of the incident would have been automatically overwritten within 90 days due to storage space constraints. Dkt. 49-4. Lemons didn't submit his public-records request until about eight months after the incident, long after the surveillance footage would have been overwritten.

Perhaps Novak was careless when she checked the box indicating that Lemons's entire request was granted. Or perhaps she just meant to say that CCI would not redact or withhold any of the requested material, without meaning to imply that CCI actually had all the requested material. Either way, I am satisfied by defendants' response that they have conducted a thorough search for responsive footage and that they have provided all responsive footage that exists regarding the incident. I will deny Lemons's motion to compel.

ORDER

IT IS ORDERED that:

1.  Plaintiff Tyshun Lemons's motion for consideration, Dkt. 53, is GRANTED.

2. Lemons's motion to compel discovery, Dkt. 46, is DENIED.

Entered November 3, 2020.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge